UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

10 MAR 19 PM 1:02

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SENTRY HOMES, INC.; MICHAEL T. ) <br> THACKER; and TAMARA D. THACKER, ) <br> ) <br> Defendants. ) | CASE NO.: <br> **1:10-cv-0331 WTL-DML** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Westfield Insurance Company ("Westfield"), by counsel, for its cause of action against the Defendants, alleges and states the following:

### I.  PARTIES & JURISDICTION

**1.1**  Plaintiff, Westfield, is an Ohio insurance company with its principal place of business in Westfield Center, Ohio. At all times material hereto, Westfield was duly authorized to transact the business of insurance within the State of Indiana.

**1.2**  Defendant, Sentry Homes, Inc. ("Sentry") is an Indiana corporation with principal place of business in Greenwood, Johnson County, Indiana.

**1.3**  Defendant, Michael T. Thacker ("Michael") is a citizen of the State of Indiana who resides in Martinsville, Morgan County, Indiana.

**1.4**  Defendant, Tamara D. Thacker ("Tamara") is a citizen of the State of Indiana who resides in Martinsville, Morgan County, Indiana.

**1.4**  Westfield delivered the insurance policy at issue to the named insured, Sentry, in Greenwood, Johnson County, Indiana.

**1.5**  The alleged conduct of Sentry at issue took place in Greenwood, Johnson County, Indiana.

**1.6**  The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy Five Thousand Dollars ($75,000.00).

**1.7**  Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. §1332(a).

**1.8**  Venue lies in this Court pursuant to 28 U.S.C. §1391(a).

**1.9**  This Court has personal jurisdiction over Sentry, Michael and Tamara.

## II.  FACTS

**2.1**  Westfield incorporates herein by reference the allegations contained within rhetorical Paragraphs 1.1 through 1.9 of this Complaint.

**2.2**  On or about December 1, 2004, Westfield issued its Commercial Package Policy No. CWP 1 338 825 to Sentry, as the named insured, with effective dates of coverage of December 1, 2004, to December 1, 2005 (the "Policy").

**2.3**  A certified copy of the Policy is attached hereto as Exhibit "1", and is incorporated herein by reference.

**2.4**  Sentry served as the general contractor for the construction of a residential home located in Greenwood, Johnson County, Indiana (the "Project").

**2.5**  Sentry subcontracted the Project's framing work to KCJ, Incorporated ("KCJ").

**2.6** On February 3, 2005, Michael was an employee of KCJ. While working on the second floor of the Project, Michael fell, sustaining personal injuries (the "Accident").

**2.7** On September 28, 2006, Michael and his wife, Tamara (collectively the "Thackers"), filed their "Complaint for Damages" (the "Complaint") against Sentry in the following legal proceedings: "*Michael Thacker and Tamara Thacker, Plaintiffs, vs. Sentry Homes, Inc., Defendants*", Cause No. 49D11-0609-CT-040067, Marion Superior Court No. 11 (the "Lawsuit").

**2.8** A true and correct copy of the Lawsuit's Complaint is attached hereto as Exhibit "2", and is incorporated herein by reference.

**2.9** Sentry retained Octavia Florence Snulligan ("Snulligan") to represent its interests against the Lawsuit.

**2.10** On or about October 27, 2006, Snulligan entered her appearance for Sentry in the Lawsuit.

**2.11** On or about November 20, 2006, the Thackers filed their amended "Complaint for Damages" (the "Amended Complaint") in the Lawsuit.

**2.12** A true and correct copy of the Amended Complaint is attached hereto as Exhibit "3", and is incorporated herein by reference.

**2.13** On or about December 27, 2006, Snulligan filed Sentry's "Answer to Complaint, Affirmative Defenses, and Trial Rule 12(B)(1), (2), (3), (6) and/or (8) Motion To Dismiss" (the "Answer").

**2.14** A true and correct copy of the Answer is attached hereto as Exhibit "4", and is incorporated herein by reference.

**2.15** In the Answer, Sentry did not raise the following affirmative defenses:

    **(a)** The comparative fault of Michael;

    **(b)** That KCJ was a nonparty defendant to whom fault should be allocated; and

    **(c)** That Michael received collateral source benefits in the form of worker's compensation benefits.

**2.16** Thereafter, the Lawsuit was transferred to the Superior Court No. 3 of Johnson County, where it is currently pending as Cause No. 41D03-0705-CT-00030.

**2.17** Thereafter, Snulligan continued to defend Sentry against the Lawsuit, as evidenced by the Johnson Superior Court No. 3's CCS, a copy of which is attached hereto as Exhibit "5", and incorporated herein by reference.

**2.18** On December 4, 2009, the Johnson Superior Court No. 3 scheduled the Lawsuit for trial on April 6, 2010.

**2.19** On December 4, 2009, Sentry notified Westfield of the Complaint, and requested that Westfield defend and indemnify Sentry under the Policy against the Lawsuit. This constituted Westfield's first notice of the Accident, as well as Westfield's first notice of the Lawsuit.

**2.20** Westfield denied coverage for the Complaint, and declined to defend Sentry against the Lawsuit.

**2.21** An actual controversy exists between the parties hereto concerning whether Westfield has a duty under the Policy to defend Sentry against the Lawsuit:

    **(a)** Sentry contends that Westfield has a duty under the Policy to defend Sentry against the Lawsuit;

    **(b)** Westfield contends that it does not have a duty under the Policy to defend Sentry against the Lawsuit; and

     **(c)**    The Thackers have been joined in this action by virtue of their interest in the resolution of the duty to defend issue.

**2.22**    An actual controversy exists between the parties hereto concerning whether Westfield has a duty under the Policy to indemnify Sentry against the Lawsuit:

     **(a)**    Sentry contends that Westfield has a duty under the Policy to indemnify Sentry against the Lawsuit;

     **(b)**    Westfield contends that it does not have a duty under the Policy to indemnify Sentry against the Lawsuit; and

     **(c)**    The Thackers have been joined in this action by virtue of their interest in the resolution of the duty to indemnify issue.

### III.   DEMAND FOR RELIEF

WHEREFORE, Westfield respectfully requests the following relief:

**3.1**    That the Court declare that Westfield has no duty under the Policy to defend Sentry against the Lawsuit;

**3.2**    That the Court declare that Westfield has no duty under the Policy to indemnify Sentry against the Lawsuit;

**3.3**    Costs; and

**3.4**    Such further relief as the Court deems just and proper.

SMITH FISHER MAAS & HOWARD, P.C.

_____
MARK R. SMITH, 2115-49

SMITH FISHER MAAS & HOWARD, P.C.
7209 North Shadeland Avenue
Indianapolis, Indiana  46250
Telephone:  (317) 578-1900
Facsimile:  (317) 578-1330
E-Mail:  msmith@smithfisher.com
Attorney for Plaintiff, Westfield Insurance Company


Q:\WES-823\COMPLAINT DJ WES-823.doc

6