UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY,  )<br>    *Plaintiff*,                              )<br>                                                )<br>    *vs*.                                        )<br>                                                )<br>SENTRY HOMES, INC., ET AL.,        )<br>    *Defendants*.                          )<br>                                                ) | 1:10-cv-00331-JMS-DML |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

Presently before the Court is Michael Thacker and Tamara Thacker's Amended Motion to Dismiss ("Motion") Plaintiff Westfield Insurance Company's ("Westfield") complaint. [Dkt. 33.] The Thackers request that this Court decline to exercise jurisdiction over Westfield's declaratory judgment action in light of a state court proceeding that the Thackers contend is parallel to the federal litigation.

### BACKGROUND

The procedural posture of this case is not in dispute. The Thackers sued Sentry Homes, Inc. ("Sentry"), in state court in September 2006 for injuries that Mr. Thacker allegedly sustained while working for a Sentry subcontractor in February 2005.

In December 2009, Sentry notified Westfield—its insurer—of the Thackers' state court suit. In February 2010, Westfield denied coverage and declined to defend or indemnify Sentry in the state court action. Westfield filed a complaint for declaratory judgment against Sentry and the Thackers in this Court in March 2010. Westfield's complaint seeks a declaratory judgment that it does not have a duty to defend or indemnify Sentry in the state court action.

In April 2010, the Thackers filed a Second Amended Complaint in the state court action, adding a declaratory judgment count against Westfield and seeking a declaration that Westfield

has a duty to indemnify Sentry for its alleged negligence. Westfield has moved to dismiss the declaratory judgment count in the state court action.

The Thackers filed the Motion at issue in July 2010, asking the Court to decline exercising jurisdiction over Westfield's federal declaratory judgment action. The state court proceedings have been stayed pending resolution of the Thackers' Motion.

## DISCUSSION

### I. Discretionary Jurisdiction Over Declaratory Judgment Actions

The Federal Declaratory Judgment Act (the "Act") provides, in relevant part, that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act does not independently supply this Court with subject matter jurisdiction and, by its terms, grants a district court "wide discretion" to decide whether or not to exercise its authority.[1] *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). The goal of the Act "is to allow for the efficient resolution of disputes by an early adjudication of the rights of the parties." *Medical Assur. Co. v. Hellman*, 610 F.3d 371, 377 (7th Cir. 2010).

In *Zavalis*, the Seventh Circuit Court of Appeals listed the factors a district court should consider when determining whether to exercise jurisdiction in a declaratory judgment action. 52 F.3d at 691 (concerning an insurer's declaratory judgment action regarding its duty to defend and

---

[1] Westfield has alleged that this Court has original jurisdiction over its declaratory judgment action because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332; dkt. 1. The Thackers do not argue that this Court does not have diversity jurisdiction over the matter at issue. Instead, at the very end of their brief, the Thackers argue that it is "questionable whether this Court should even exercise diversity jurisdiction" because Westfield allegedly utilized the services of an Indiana entity—MJ Insurance—in its dealings with Sentry. [Dkt. 34 at 7.] MJ Insurance is not a party to this action (or to the state action, which has been pending for three years), and there is no pending motion to join it. Therefore, the citizenship of MJ Insurance is, at present, irrelevant.

indemnify insured in state court proceeding). The existence of a state court suit is insufficient in and of itself for a district court to refuse to exercise jurisdiction. *Id.* at 692. Instead, a district court should consider whether the declaratory suit presents a distinct question from the issues in the state court proceeding; whether there are identical parties in the two actions; whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships between the parties or will merely amount to duplicative litigation; and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time. *Id.*; *see also Hellman*, 610 F.3d at 379-80 (citing the same factors).

## II. Westfield's Request for Declaratory Judgment Regarding Duty to Defend

The Thackers' state court action asserts two counts—a negligence claim against Sentry and a request for declaration that Westfield "has a contractual obligation for the liability of its client Sentry." [Dkt. 21-3.] Westfield's duty to defend Sentry is not being litigated in the state court action. Therefore, Westfield presents a distinct issue in this action from the issues raised in the state court action.

An insurer's duty to defend is determined solely by the nature of the complaint. *Transamerica Ins. Servs. v. Kopko*, 570 N.E.2d 1283, 1285 (Ind. 1991). Thus, whether an insurer has a duty to defend in an underlying state court action is a question of contractual interpretation "that does not require the resolution of any facts or issues in that underlying action." *Westfield Ins. Co. v. Sheehan Constr. Co.*, 575 F. Supp. 2d 956, 959 (S.D. Ind. 2006). Because an insurer's duty to defend usually does not depend on the outcome of the state court litigation, "there is no barrier to resolving that question before the underlying litigation is resolved." *Zavalis*, 52 F.3d at 695; *Sheehan*, 575 F. Supp. 2d at 959. As the Seventh Circuit Court of Appeals has rec-

ognized, a defense may be required even if there turns out not to be any liability to indemnify. *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003).

In this case, as in *Sheehan*, whether Westfield has a duty to defend Sentry in the underlying Indiana state court action is a question that does not require the resolution of facts or issues in the underlying state court action. Moreover, whether Westfield has a duty to defend is not at issue in the state court litigation. Therefore, this Court will exercise jurisdiction over Westfield's request for a declaratory judgment regarding its duty to defend.

### III. Westfield's Request for Declaratory Judgment Regarding Duty to Indemnify

Turning to Westfield's request for declaratory judgment regarding its duty to indemnify Sentry for damages that Sentry may be held liable for in the state court proceeding, it is well-established in the Seventh Circuit that an insurer ordinarily cannot obtain declaratory judgment regarding its duty to indemnify before its insured is found liable. *Hellman*, 610 F.3d at 375; *Sheehan*, 575 F. Supp. 2d at 959 (citing additional supporting cases). The Seventh Circuit has indicated a willingness to deviate from this general rule "in rare circumstances," such as where there exists a sufficient probability that the plaintiff would win a judgment that would be covered by the policy, there are a high amount of damages involved in the underlying claim, the insured may be unable to pay the amount if found liable, or there is no other insurance coverage for the potential liability. *Sheehan*, 575 F. Supp. 2d at 960 (citing *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677 (7th Cir. 1992)).

Sentry's liability in the underlying state court action has not been resolved. [*See* dkt. 37-1 (August 2010 order staying state court proceedings, except for Sentry's motion to certify order denying Sentry's motion for summary judgment for interlocutory appeal).] Under the circumstances of this case, this Court applies the general rule against issuing declaratory judgment on

Westfield's duty to indemnify Sentry before Sentry's liability has been established. Westfield's duty to indemnify will depend on the facts and the outcome of the state court litigation; this Court has no basis on which to evaluate the likelihood of Sentry's liability in that action, the level of liability likely to be incurred, Sentry's ability to pay any possible damages, or the availability of other possible insurance coverage.

Because Westfield cannot obtain a ruling on its duty to indemnify Sentry until the state court adjudicates Sentry's liability, that aspect of this case must be dismissed without prejudice. This Court recognizes that the district court in *Sheehan* stayed the indemnity issue pending its resolution of the insurer's duty to defend and the state court action. 575 F. Supp. 2d at 960. The Seventh Circuit, however, recently admonished a district court for staying an unripe duty to defend claim, instructing that the proper disposition would be to dismiss that aspect of the case. *Hellman*, 610 F.3d at 375 ("The district court was aware that the duty-to-indemnify claim was not ripe, but rather than dismiss that aspect of the case, it included it in the stay that was issued. The proper resolution, however, would have been to dismiss."); *see also Zavalis*, 52 F.3d at 693 (noting that because "[the insured] had not yet been deemed liable . . . the district court was correct to dismiss without prejudice the declaratory judgment action insofar as it sought a determination of the company's duty to indemnify [the insured]"). For these reasons, Westfield's request for a declaratory judgment regarding its duty to indemnify Sentry is dismissed without prejudice.

## CONCLUSION

The Thackers' Amended Motion to Dismiss is **DENIED** with respect to Westfield's request for a determination of its duty to defend Sentry and **GRANTED** with respect to Westfield's request for a determination of its duty to indemnify Sentry. Therefore, Westfield's re-

- 6 -

quest for a declaratory judgment regarding its duty to indemnify Sentry is **DISMISSED WITHOUT PREJUDICE**.

09/07/2010

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Craig Robert Karpe
KARPE LITIGATION GROUP
crkarpe@yahoo.com

Freedom V. Miller
SMITH FISHER MAAS & HOWARD P.C.
fmiller@smithfisher.com

Mark R. Smith
SMITH FISHER MAAS & HOWARD, P.C.
msmith@smithfisher.com

Octavia Florence Snulligan
octavia@ofslaw.com