UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| WESTFIELD INSURANCE COMPANY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:10-cv-00331-JMS-DML |
| | ) | |
| SENTRY HOMES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## Order on Plaintiff's Motion for Summary Judgment (Dkt. 62) and Motion to Compel (Dkt. 71)

Plaintiff Westfield Insurance Company ("Westfield") has moved for summary judgment on its claim for a declaratory judgment that Westfield had no obligation under an insurance policy it issued to Sentry Homes, Inc. ("Sentry") to defend Sentry against a lawsuit because Sentry failed to provide Westfield timely notice of the lawsuit.[1] Because the undisputed facts and the governing law entitle Westfield to judgment as a matter of law, its motion is GRANTED. This resolution renders Westfield's Motion to Compel Discovery Against Sentry Homes (Dkt. 71) moot, so that motion is DENIED.

### Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and of identifying the evidence that it believes demonstrates the absence of a

---

[1] Westfield's *indemnity* obligation, if any, was settled by the parties. Its duty to defend is the only issue remaining in this case. *See* Westfield's Memorandum of Law in Support of Motion for Summary Judgment Against Sentry Homes ("Westfield Brief"), Dkt. 69, at pp. 15-16, ¶¶ 57 and 60.

genuine dispute as to a material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The nonmovant may not rest on his pleadings, but must designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Sentry did not file a response to Westfield's summary judgment motion; therefore, under Local Rule 56.1(e), all of Westfield's factual assertions supported by admissible evidence are deemed true.

## Discussion

A. **The material facts are undisputed.**

Westfield has submitted admissible evidence to establish the following material facts, which have not been controverted by Sentry. *See* S.D. Ind. L.R. 56.1.

Westfield issued a commercial insurance policy to Sentry, providing coverage between December 1, 2004, and December 1, 2005. (*See* Westfield's Brief (Dkt. 69 at pp. 1-15), ¶ 7). Sentry is a general contractor. It hired KCJ Incorporated as a subcontractor to perform framing work for construction of a residence in or around February 2005. (*Id.,* ¶¶ 10-11). One of KCJ's employees, Michael Thacker, was injured while performing that work, and he sued Sentry on September 28, 2006, alleging that its negligence caused or contributed to his injuries (the "Thacker lawsuit"). (*Id.,* ¶¶ 12, 14). Sentry was served with the complaint on October 20, 2006. (*Id.,* ¶ 17). The insurance policy required Sentry to notify Westfield in writing of the Thacker lawsuit "as soon as practicable" and to "immediately" send copies of summonses or other "legal papers" received in connection with the lawsuit. (*Id.,* ¶ 42). Sentry did not provide to Westfield any notice regarding the Thacker lawsuit until December 4, 2009 (more than three years after Sentry first knew of the suit), when Sentry's insurance agent faxed to Westfield a notice of claim that included a copy of the Thacker complaint. (*Id.,* ¶¶ 34-35).

**B.     Sentry's three-year belated notice to Westfield of the Thacker lawsuit breached Sentry's notice obligations under the policy.**

Under Indiana law (which applies to the Westfield policy), an insured's unreasonable delay in complying with its contractual notice obligation is presumed to prejudice the insurance company's ability to investigate and prepare a defense for the matter for which its insured is seeking coverage. *Miller v. Dilts,* 463 N.E.2d 257, 265 (Ind. 1984). Unless the insured presents evidence that the insurer did not suffer prejudice under the circumstances, the insurer has no liability under the policy to provide a defense or indemnity. *Id.* at 265-66 (if insured establishes some evidence that the insurer was not prejudiced, then the trier of fact will decide whether prejudice actually existed). *See also Dreaded, Inc. v. St. Paul Guardian Ins. Co.,* 904 N.E.2d 1267, 1273 (Ind. 2009) (whether insurer was prejudiced by insured's untimely notice, insurer's duty to defend—as opposed to duty to indemnify—is not triggered until insurer receives the basic information designated in the policy's notice requirement). Sentry's three-year delay in notifying Westfield about the Thacker lawsuit is a "complete failure" to comply with the policy's requirement that it notify Westfield "as soon as practicable." *See Dreaded, Inc.,* 904 N.E.2d at 1273 (characterizing insured's three-year wait to notify the insurer as a "complete failure to comply with the notice requirement" to tell the insurer about a claim "as soon as possible").

Because Sentry breached its obligation to provide the requisite notice to Westfield, Westfield presumptively suffered prejudice sufficient to avoid its obligation to defend Sentry against the Thacker lawsuit. Sentry has offered no evidence in an attempt to rebut that presumption. *See Miller,* 463 N.E.2d at 265-266. Westfield is therefore entitled to judgment as a matter of law that it had no duty to defend Sentry against the Thacker lawsuit.

## **Conclusion**

Westfield's motion for summary judgment (Dkt. 62) is GRANTED. Its Motion to Compel Discovery Against Sentry Homes (Dkt. 71) is DENIED AS MOOT.

So ORDERED.

Date: 07/14/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Freedom V. Miller
SMITH FISHER MAAS & HOWARD P.C.
fmiller@smithfisher.com

Mark R. Smith
SMITH FISHER MAAS & HOWARD, P.C.
msmith@smithfisher.com

Octavia Florence Snulligan
octavia@ofslaw.com